# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OWEN F. SILVIOUS,<br><br>                Plaintiff,<br>    v.<br><br>CHIQUITA BRANDS INTERNATIONAL, INC., et al.,<br><br>                Defendants. | )<br>)<br>)  Civil Case No. 1:10-cv-01139-JDB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DOLE DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Dole Food Company, Inc. and Dole Fresh Fruit Company (collectively, the "Dole Defendants") file this Motion to Dismiss Plaintiff's claims for lack of personal jurisdiction. Without waiver of this motion, the Dole Defendants have also joined in Defendants' Motion to Dismiss and supporting Memorandum of Points and Authorities filed on behalf of all Defendants in support thereof. This motion to dismiss addresses an issue that is particular to the Dole Defendants.[1]

For the reasons set forth in the accompanying Memorandum of Points and Authorities, Plaintiff has not met his burden to show that the Court has either general or specific jurisdiction over the Dole Defendants. Accordingly, assertion of personal jurisdiction and continued prosecution of the claims brought against the Dole Defendants would violate the District of Columbia's general jurisdiction statute (D.C. Code § 13-334(a)), the District of Columbia's long-arm statute (D.C. Code § 13-423(a)(1)), and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Therefore, the Dole Defendants request that the

Court grant this Motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and enter an order dismissing all claims brought against the Dole Defendants by the Plaintiff in the Complaint.

Dated: July 13, 2010                                     Respectfully submitted on behalf of the Defendants,


/s/ D. Bruce Hoffman
D. Bruce Hoffman, D.C. Bar No. 495385
Hillary E. Maki, D.C. Bar No. 978844
HUNTON & WILLIAMS LLP
1900 K Street NW
Washington, DC 20006
T: (202) 955-1500
F: (202) 828-3766
***Counsel for Defendants Dole Food Company, Inc. and Dole Fresh Fruit Company***

---

[1] The Dole Defendants understand that Defendants Fresh Del Monte Produce Inc. and Del Monte Fresh Produce Company are filing a similar motion to dismiss based on personal jurisdiction grounds.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OWEN F. SILVIOUS,<br><br>        Plaintiff,<br><br>v.<br><br>CHIQUITA BRANDS INTERNATIONAL, INC., et al.,<br><br>        Defendants. | )<br>)<br>)   Civil Case No. 1:10-cv-01139-JDB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DOLE DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Dole Food Company, Inc. and Dole Fresh Fruit Company (collectively, the "Dole Defendants") file this Memorandum of Points and Authorities in support of their motion to dismiss Plaintiff's claims for lack of personal jurisdiction. Without waiving this motion, the Dole Defendants also join in the Motion to Dismiss filed by all Defendants. This motion addresses an additional basis for dismissal that is particular to the Dole Defendants.[1]

**I.    THIS COURT HAS PREVIOUSLY HELD THAT IT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DOLE DEFENDANTS.**

Judge Reggie B. Walton of the United States District Court for the District of Columbia recently dismissed a case against the Dole Defendants because of lack of personal jurisdiction. 9/30/09 Order, *Orellana v. Croplife Int'l*, Civil Action No. 08-1790 (RBW) (D.D.C.), attached hereto as Ex. 3. Judge Walton granted the Dole Defendants' motion to dismiss because he found

---

[1] The Dole Defendants understand that Defendants Fresh Del Monte Produce Inc. and Del Monte Fresh Produce Company are filing a similar motion to dismiss based on personal jurisdiction grounds.

1

that the plaintiff had not satisfied the requirements of the District of Columbia long-arm statute, which sets forth the requirements for specific jurisdiction. *Id*. at 4. Judge Walton found that "[u]nder § 13-423(a)(1) of the District of Columbia long-arm statute, courts may only exercise personal jurisdiction over a party 'transacting any business in the District of Columbia.'" *Id*. Judge Walton stated that § 13-423(b) limited this provision, however, by "mandat[ing] that there be 'a significant connection between the claim and alleged contact with the forum.'" *Id*. (citations omitted). Judge Walton discussed the facts as follows:

> [I]t is undisputed that bananas from Dole Fresh Fruit Company are for sale in the District, although Dole Fresh Fruit Company maintains that the bananas only arrive in the District by way of the distribution of third-parties, not by any action of Dole Fresh Fruit Company directly. Moreover, Dole Food Company, Inc., has only minimal sales of its products to District residents via its Web sites.

*Id*. at 4-5. The Court therefore dismissed the Dole Defendants from the action.

Since Judge Walton's September 30, 2009 Order, the Dole Defendants' contacts with the District of Columbia have remained insignificant. Indeed, even the minimal sales that Dole Food Company, Inc. had to District residents in 2007 did not occur in all of 2009 nor in the year 2010 thus far. (Ex. 1, Declaration of Charles Michael Carter *and* Ex. 2, Declaration of Todd Camel.)

## II. THE DOLE DEFENDANTS HAVE INSIGNIFICANT CONTACTS WITH THE DISTRICT OF COLUMBIA.

### A. Dole Food Company, Inc. ("DFC")

DFC is primarily a holding company, not an operating company. (Ex. 1 ¶ 5.) It owns the "Dole" trademark and the numerous subsidiary companies that grow, manufacture and sell Dole-branded products, but apart from the negligible sale of promotional materials and certain products over the internet, DFC does not itself engage in these businesses. (Ex. 1 ¶¶ 5, 10.)

DFC has almost no presence in the District of Columbia. DFC is a Delaware corporation with its principal place of business in Westlake, California. (Ex. 1 ¶ 5.) DFC does not have

2

property or employees in the District; it does not advertise in the District; it does not file tax returns in the District; and it has no bank accounts in the District. (Ex. 1 ¶ 6.) DFC is registered to do business in the District, but as noted above, DFC transacts no business from within the District. (Ex. 1 ¶ 8.)

While there are DFC websites from which the public can order certain Dole-branded products, neither website received any orders for shipments to addresses within the District in the year 2009 or in the year 2010 to date. (Ex. 1 ¶ 10.)

### B. Dole Fresh Fruit Company ("DFFC")

DFFC does not transact business within the District of Columbia. DFFC sells and distributes Dole-branded fresh-fruit products, but it does not do business from within the District of Columbia. (Ex. 2, Declaration of Todd Camel ¶¶ 6-9.) DFFC does not have property or employees in the District, it does not advertise in the District, it does not file tax returns in the District, and it has no bank accounts in the District. (Ex. 2 ¶¶ 6-7.) In addition, DFFC is not registered to do business in the District and maintains no registered agent here for the receipt of service of process. (Ex. 2 ¶ 8.)

It is possible that DFFC products may be found at grocery stores in the District, but the presence of any such products is not the result of DFFC conducting business there. Rather, DFFC products may find their way to the District through the independent acts of third-party wholesalers located outside of the District. (Ex. 2 ¶ 9.) DFFC will ship its products to such wholesalers outside the District who then sell the products to retailers, some of which may operate grocery stores within the District. (Ex. 2 ¶ 9.) In other words, DFFC has no control over its products beyond the wholesale level. If DFFC products find their way to District grocery stores, it is the result of the independent acts of third-parties, not DFFC.

### III.  THIS COURT CANNOT EXERCISE SPECIFIC OR GENERAL JURISDICTION OVER THE DEFENDANTS.

#### A.  Plaintiff Bears the Burden of Proof of Establishing Jurisdiction over the Defendants.

Plaintiffs bear the burden of establishing by a preponderance of evidence that the Court has jurisdiction over a defendant. *AGS Int'l. Servs. S.A. v. Newmont USA Ltd.*, 346 F. Supp. 2d 64, 76 (D.D.C. 2004). In order to meet that burden, plaintiffs must allege specific facts on which personal jurisdiction can be based; they cannot rely on conclusory allegations. *D'Onofrio v. SFX Sports Group, Inc.*, 534 F. Supp. 2d 86, 89 (D.D.C. 2008). Moreover, plaintiffs cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *See Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (holding that "the requirements of *International Shoe* must be met as to each defendant over whom a state court exercises jurisdiction"). When considering personal jurisdiction, the Court need not treat all of the plaintiff's allegations as true. Instead, the court "may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts." *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000) (citations omitted); *see also Capital Bank Int'l, Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 74 (D.D.C. 2003) (same); *Novak-Canzeri v. Al Saud*, 864 F. Supp. 203, 206 (D.D.C. 1994) ("[T]he Court must accept Plaintiff's claims as true in ruling on a 12(b)(2) motion, unless they are directly contradicted by an affidavit.").

"Personal jurisdiction . . . 'represents a restriction on judicial power . . . as a matter of individual liberty.'" *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). A court is required to dismiss a cause of action against a defendant over which it cannot assert personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2); *AGS Int'l. Servs*, 346 F. Supp. 2d at 76.

4

Determining whether a court may properly exercise personal jurisdiction over a foreign defendant is a two-step process. *D'Onofrio*, 534 F. Supp. 2d at 90. First, the plaintiff must show that the defendant is subject to personal jurisdiction under the forum state's long-arm statutes. *Id.* In the District of Columbia, one of two statutes—D.C. Code § 13-334(a), the "general jurisdiction" statute, or D.C. Code § 13-423(a)(1), the "long-arm" statute—must be satisfied. Second, the plaintiff must show that the court's exercise of jurisdiction over the defendant comports with the due process requirements of the federal constitution. *Id.* Because §§ 13-334(a) and 13-423(a)(1) are interpreted to reach to the full extent of jurisdiction afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the two-step inquiry collapses into a single constitutional inquiry. *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 513 (D.C. Cir. 2002) (addressing D.C. Code § 13-334(a)); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 28 (D.D.C. 2006) (addressing D.C. Code § 13-423(a)).

The Due Process Clause of the Fourteenth Amendment forbids the exercise of personal jurisdiction over a nonresident defendant unless "**the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there**." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567-68 (1980) (emphasis added). The Due Process Clause thus "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* at 297. "Potential defendants should have some control over—and certainly should not be surprised by—the jurisdictional consequences of their actions." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1278 (7th Cir. 1997).

5

To this end, the Due Process Clause requires the plaintiff to show that the defendant has sufficient minimum contacts with the forum state to justify the court's exercise of personal jurisdiction. *Gorman*, 293 F.3d at 509. A plaintiff can make this "minimum contacts" showing either by demonstrating that the cause of action against the defendant "arise[s] out of or relates to the defendant's contacts with the forum"—*i.e.,* specific jurisdiction—or that the defendant has engaged in "continuous and systematic general business contacts" with the forum such that it may be haled into court there even when the subject matter of the suit is unrelated to those contacts—*i.e.,* general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 & nn.8-9 (1984). Neither is applicable here.

  **B.**   **Because the Acts Giving Rise to This Lawsuit Occurred Outside of the District of Columbia, This Court Cannot Exercise Specific Jurisdiction over the Dole Defendants.**

In *Holder v. Haarmann & Reimer Corp.*, 779 A.2d 264 (D.C. 2001), the District of Columbia Court of Appeals reviewed a trial court order dismissing for lack of personal jurisdiction a class action brought by plaintiff under the District's Antitrust Act of 1980, D.C. Code §§ 28-4501 *et seq*. Plaintiff contended that defendant transacted business in the District because defendant had conspired with other manufacturers outside the District to fix the price of citric acid; plaintiff also alleged that defendant sold citric acid at an artificially inflated price to manufacturers outside the District who then integrated the citric acid into various end products that were sold directly or indirectly to retailers and subsequently sold to consumers. *Id*. at 267. Plaintiff alleged that these contacts constituted transacting business in the District of Columbia within the meaning of the District's long-arm statute, D.C. Code § 13-423(a)(1). The court disagreed and stated the following:

> If Holder's jurisdictional theory were correct, then, for purposes of our long-arm statute, H & R would be "transacting business" in the District of Columbia and, by extension, perhaps also in every jurisdiction in this country, and even the

6

world, regardless of how minimal an amount of citric acid sold by it reached the respective jurisdiction, and in spite of the absence of any other contact between H & R and the jurisdiction.

*Holder*, 779 A.2d at 267. The court found that such a definition of transacting business would recognize "no sensible limiting principle" and would require defendant "to anticipate being haled into court virtually anywhere in the world on the theory that it transacts business everywhere." *Id*.

Similarly, the causes of action against the Defendants in this case arise out of activities that took place outside of the District of Columbia. Plaintiff alleges that meetings and information exchanges occurred in Costa Rica, the Canary Islands, and in "an unnamed central American country". Compl. ¶¶ 20, 22, and 27. As noted, Defendants ship their products to wholesalers outside the District and have no control over their products beyond the wholesale level. Such activities cannot support the exercise of specific jurisdiction over the Defendants. Plaintiff has failed to properly allege that any of the Defendants engaged in any activity within the District that gives rise to Plaintiff's claims against them. Accordingly, the Court cannot exercise specific jurisdiction over the Defendants.

**C.   Because the Defendants Do Not Engage in Continuous and Systematic Contacts with the District of Columbia, this Court Cannot Exercise General Jurisdiction over the Dole Defendants.**

As discussed *infra* in Section I, this Court has already concluded that the Dole Defendants are not subject to general jurisdiction in the District of Columbia. *See* Ex. 3, 9/30/09 Order at 4, n.2. Judge Walton stated in the *Orellana* case that it was "notable that none of these defendants were served in the District of Columbia." *Id*. Here, as well, the Dole Defendants

7

were served outside of the District of Columbia.[2] As such, Plaintiff cannot establish general jurisdiction over the Dole Defendants via service of process. *See Gowens v. DynCorp*, 132 F. Supp. 2d 38, 42 (D.D.C. 2001).

Because general jurisdiction is "dispute blind" and allows for the exercise of jurisdiction over the defendant over any matter whatsoever, a plaintiff seeking to have the Court exercise general jurisdiction over a defendant must meet an exacting burden. "General jurisdiction sets a high bar, requiring a defendant's contacts with a forum to be 'continuous and systematic' before forcing a defendant to defend a suit arising out of any subject matter whether or not related to the forum." *D'Onofrio*, 534 F. Supp. 2d at 90 (citing *Helicopteros*). In other words, a defendant's contacts with the forum must "'be so extensive to be tantamount to [the defendant] being constructively present'" in the forum. *Allen v. Russian Federation*, 522 F. Supp. 2d 167, 191 (D.D.C. 2007) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003).

A number of factors are relevant in assessing whether a defendant has engaged in "continuous and systematic" contact with the forum, but no one factor is dispositive. Courts should assess:

- the extent to which the defendant transacts business with District residents and businesses on an on-going basis, *see, e.g., Gorman*, 293 F.3d at 235-36;

- whether the defendant actively and continuously solicits customers within the District by taking out advertisements and sending sales representatives there, *see, e.g., Hughes v. A.H. Robins Co.*, 490 A.2d 1140, 1143, 1145 (D.C. 1985);

- the amount of revenue—both in absolute and relative terms—derived from sales to District residents, *see, e.g., id.* at 1150;

---

[2] The Superior Court of the District of Columbia mailed the Complaint and Summons with a Form 1-A Notice and Acknowledgement under D.C. Superior Court Rules of Civil Procedure 4(c)(4) to the Dole Defendants in California.

- whether the defendant is registered to do business in the District and has appointed an agent for receipt of service of process there, *Ross v. Product Dev. Corp.*, 736 F. Supp. 285, 290 (D.D.C. 1989); and

- whether the Defendant maintains an office, telephone number, bank accounts, or files tax returns in the District. *See AGS Int'l Servs.,* 346 F. Supp. 2d at 76 n. 20.

One factor that is not to be considered is a defendant's presence in the forum for maintaining relationships with the United States and foreign governments. *Id.* at 75-76. None of these factors is dispositive, and the core inquiry remains whether the defendant's contacts are continuous and systematic so as to justify the exercise of dispute-blind jurisdiction. *Gorman*, 293 F.3d at 235. Plaintiffs cannot meet this burden as to either Dole Defendant.

DFC's scant contact with the District is far from continuous and systematic. DFC has no physical presence in the District at all. DFC has sold no products to District residents in either 2009 or 2010 and does not otherwise transact business here. In 2001, DFC did register to do business and made the obligatory appointment of a registered agent. But as this Court has held, this fact alone is not sufficient to justify the exercise of general jurisdiction. *Bayles v. K-Mart Corp.*, 636 F. Supp. 852, 856 (D.D.C. 1986); *see also Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992) (stating that the appointment of an agent to receive process and registration to do business by a corporation within a forum does not suffice to establish general jurisdiction); *Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745, 748 (4th Cir. 1971) (stating that appointing a registered agent for receipt of service of process does not amount to consent to general jurisdiction); *Reynolds and Reynolds Holdings, Inc. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 551 (E.D. Va. 2004) (same); *Leonard v. USA Petroleum Corp.*, 829 F. Supp. 882, 889 (S.D. Tex. 1993) (same). In *Bayles*, the defendant not only maintained a registered agent for receipt of service of process, but also advertised in the District. These contacts, held the Court, were not sufficient because they did not amount to substantial and

continuous contacts as required by D.C. Code § 13-334(a). DFC has even less contact with the District than the defendant in *Bayles*. Indeed, the factual reality, as noted above, is that DFC does virtually no business in the District. The appointment of a registered agent does not provide a predicate for the assertion of general jurisdiction over DFC in this case.

Similarly, DFC's operation of a website does not vitiate the due process requirement that its contacts with the forum be systematic, continuous, and substantial. "Mere access by forum residents to a non-resident defendant's website is not enough, by itself, to establish minimum contacts with the forum." *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 51-52 (D.D.C. 2003). General jurisdiction cannot be predicated on a website without a showing by the plaintiff that a defendant has actually conducted "continuous and systematic" business with the forum's residents through the website. *See FC Inv. Group LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1093 (D.C. Cir. 2008). Residents of the District must actually "engage in sustained business activities in a continuous and systematic way" through the website at issue. *Atlantigas Corp.*, 290 F. Supp. 2d at 51. Since neither of DFC's websites received any orders for shipments to addresses within the District in the year 2009 or in the year 2010 to date, District residents cannot possibly have "engage[d] in sustained business activities in a continuous and systematic way" through these websites. *Id*. Accordingly, DFC cannot be subjected to the Court's general jurisdiction.

DFFC likewise lacks sufficient contact with the District to justify the exercise of general jurisdiction. DFFC does not own or lease property in the District; it has no registered agent in the District; it files no tax returns in the District. DFFC products may be available for purchase in District grocery stores, but this does not in and of itself constitute "doing business" within the District. The mere presence of DFFC products in District grocery stores is not, standing alone, indicative of a constructive presence. DFFC does not sell products to any grocery store in the

10

District.  (Ex. 2 ¶ 9.)  If DFFC products are present in the District, that is the result of independent acts of out-of-District wholesalers or other entities in the stream of commerce.  (Ex. 2 ¶ 9.)  DFFC simply has no control over whether products sold to out-of-District wholesalers are eventually placed in the District by them for sale.

Critically, a defendant does not subject itself to general jurisdiction in the District's courts through the mere act of placing products in the "stream of commerce" that find their way into the District.  *Cf. Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987) (discussing stream of commerce theory in context of specific jurisdiction).  While placing products in the "stream-of-commerce" with the intent of supplying forum consumers can be relevant to the *specific* jurisdiction analysis, plaintiffs cannot rely on that activity to circumvent the distinct general jurisdiction inquiry.  *See, e.g., Purdue Research Found.*, 338 F.3d at 788 (7th Cir. 2003) (holding that stream-of-commerce theory provides no basis for exercising general jurisdiction); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 216 (5th Cir. 2000) ("We have specifically rejected a party's reliance on the stream of commerce theory to support asserting general jurisdiction over a nonresident defendant."); *Matthews v. Bookstone Stores*, 469 F. Supp. 2d 1056, 1064 (S.D. Ala. 2007) (same); *Simeone v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665, 673-74 (E.D. Pa. 2005) (same); *Fisher v. Prof'l Compounding Ctrs. of Am., Inc.*, 318 F. Supp. 2d 1046, 1050 (D. Nev. 2004) (same).

Significantly, in instances where a corporation's products have arrived in the District primarily from out-of-District wholesalers, the District of Columbia Court of Appeals has been unwilling to find that a corporation is "doing business" under § 13-334.  *See Hughes*, 490 A.2d at 1149, n.15-16.  DFFC's sales to independent distributors that are located outside of the District cannot support a finding that DFFC is "doing business" under §13-334.  Accordingly, the

11

presence of DFFC's products in District grocery stores is not a basis for asserting general jurisdiction over DFFC.

## CONCLUSION

For the reasons stated above, the Court should grant the Dole Defendants' Motion to Dismiss Pursuant to Rule 12(b)(2) and dismiss Plaintiff's claims against the Dole Defendants in their entirety because this Court may not assert personal jurisdiction over the Dole Defendants.

Dated:  July 13, 2010

Respectfully submitted on behalf of the Dole Defendants,

/s/ D. Bruce Hoffman
D. Bruce Hoffman, D.C. Bar No. 495385
Hillary E. Maki, D.C. Bar No. 978844
HUNTON & WILLIAMS LLP
1900 K Street NW
Washington, DC 20006
T: (202) 955-1500
F: (202) 828-3766
***Counsel for Defendants Dole Food Company, Inc. and Dole Fresh Fruit Company***

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OWEN F. SILVIOUS,<br><br>      Plaintiff,<br><br>  v.<br><br>CHIQUITA BRANDS INTERNATIONAL, INC., et al.,<br><br>      Defendants. | )<br>)<br>) Civil Case No. 1:10-cv-01139-JDB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2010, the foregoing **Dole Defendants' Motion to Dismiss Pursuant to Rule 12(b)(2) and Memorandum of Points and Authorities in Support Thereof** was filed electronically with the United States District Court for the District of Columbia using the Court's ECF system. I also certify that a copy of the foregoing, including all exhibits, was served via overnight mail on:

  Owen F. Silvious, 16497077
  FCI Butner Medium II
  Old NC Hwy 75
  Butner, NC  27509

            /s/ Hillary E. Maki
            D. Bruce Hoffman, D.C. Bar No. 495385
            Hillary E. Maki, D.C. Bar No. 978844
            HUNTON & WILLIAMS LLP
            1900 K Street NW
            Washington, DC 20006
            T: (202) 955-1500
            F: (202) 828-3766
            ***Counsel for Defendants Dole Food Company, Inc. and Dole Fresh Fruit Company***