UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OWEN F. SILVIOUS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHIQUITA BRANDS INTERNATIONAL, INC., et al.,<br><br>　　　　　　　Defendants. | Civil Case No. 1:10-cv-01139-JDB |

## DEL MONTE DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants Fresh Del Monte Produce Inc., and Del Monte Fresh Produce Company (collectively "Del Monte Defendants") file this Motion to Dismiss Plaintiff's claims for lack of personal jurisdiction. Without waiver of this motion, the Del Monte Defendants have also joined in Defendants' Motion to Dismiss ("Defendants' Joint Motion") and supporting Memorandum of Points and Authorities filed on behalf of all Defendants in support of Defendants' Joint Motion. This motion to dismiss addresses an issue that is particular to the Del Monte Defendants.[1]

For the reasons set forth in the accompanying Memorandum of Points and Authorities, Plaintiff has not met his burden to show that the Court has either general or specific jurisdiction over the Del Monte Defendants. Accordingly, assertion of personal jurisdiction and continued prosecution of the claims brought against the Del Monte

---

[1] The Del Monte Defendants understand that Defendants Dole Food Company, Inc. and Dole Fresh Fruit Company are filing a similar motion to dismiss based on personal jurisdiction grounds.

1

Defendants would violate the District of Columbia's general jurisdiction statute (D.C. Code § 13-334(a)), the District of Columbia's long-arm statute (D.C. Code § 13-423(a)(1)), and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Therefore, the Del Monte Defendants request that the Court grant this Motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and enter an order dismissing all claims brought against the Del Monte Defendants by the Plaintiff in the Complaint.

Dated:  July 13, 2010

Respectfully submitted on behalf of the Defendants,

/s/ Tanya Chutkan
Tanya Chutkan, D.C. Bar. No. 420478
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Ave., NW
Suite 800
Washington, DC  20015
T: (202) 237-2727
F: (202) 237-6131

Carlos M. Sires (not yet admitted *pro hac vice*)
David Nelson, D.C. Bar No. 402063
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
T: (954) 356-0011
F: (954) 356-0022
***Counsel for Defendants Fresh Del Monte Produce Inc.
and Del Monte Fresh Produce Company***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OWEN F. SILVIOUS,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>CHIQUITA BRANDS INTERNATIONAL,<br>INC., et al.,<br><br>　　　　　　　Defendants. | )<br>)<br>)　Civil Case No. 1:10-cv-01139-JDB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants Fresh Del Monte Produce Inc., and Del Monte Fresh Produce Company (collectively "Del Monte"), by counsel and appearing specially, move this Court to dismiss the Complaint of plaintiff Owen F. Silvious ("Plaintiff") in its entirety because this Court may not assert personal jurisdiction over the Defendants.

**I.　THIS COURT MAY NOT ASSERT PERSONAL JURISDICTION OVER THE DEFENDANTS.**

　　**A.　The Defendants Have Insignificant Contacts with the District of Columbia.**

The Del Monte Defendants have insignificant contacts with the District of Columbia. Fresh Del Monte Produce Inc. ("FDMP") is primarily a holding company, not an operating company. (Ex. A, Declaration of Bruce A. Jordan ¶ 5.) Although it owns the "Del Monte" trademark and the numerous subsidiary companies that grow, manufacture and sell Del Monte-branded products, FDMP does not itself engage in these businesses. (Ex. A, ¶ 5.)

3

FDMP has no presence in the District of Columbia. FDMP is organized under the laws of the Cayman Islands with its U.S. Executive Office in Coral Gables, Florida. (Ex. A ¶ 5.) FDMP does not have property or employees in the District; it does not advertise in the District; it does not file tax returns in the District; and it has no bank accounts in the District. (Ex. A, ¶¶ 6-7.) FDMP is not registered to do business in the District and maintains no registered agent here for the receipt of service of process. (Ex. A, ¶ 8.)

Del Monte Fresh Produce Company ("DMFPC") does not transact business within the District of Columbia. DMFPC is a Delaware corporation with its principal place of business in Coral Gables, Florida. (Ex. A, ¶ 10.) DMFPC sells and distributes Del Monte-branded fresh-fruit products, but it does not do business from within the District of Columbia. (Ex. A, ¶ 12.) DMFPC does not have property or employees in the District, it does not advertise in the District, it does not file tax returns in the District, and it has no bank accounts in the District. (Ex. A, ¶ 12.) In addition, DMFPC is not registered to do business in the District and maintains no registered agent here for the receipt of service of process. (Ex. A, ¶ 13.)

It is possible that DMFPC products may be found at grocery stores in the District, but the presence of any such products is not the result of DMFPC conducting business there. Rather, DMFPC products may find their way to the District through the independent acts of third-party wholesalers located outside of the District. (Ex. A, ¶ 14.) DMFPC will ship its products to such wholesalers outside the District who then sell the products to retailers, some of which may operate grocery stores within the District. (Ex. A, ¶ 14.) In other words, DMFPC has no control over its products beyond the wholesale

level.  If DMFPC products find their way to District grocery stores, it is the result of the independent acts of third-parties, not DMFPC.

> **B.    This Court Cannot Exercise Specific or General Jurisdiction over the Defendants.**
>
>> **1.    Plaintiff Bears the Burden of Proof of Establishing Jurisdiction over the Defendants.**

Plaintiffs bear the burden of establishing by a preponderance of evidence that the Court has jurisdiction over a defendant.  *AGS Int'l. Servs. S.A. v. Newmont USA Ltd.,* 346 F. Supp. 2d 64, 76 (D.D.C. 2004).  In order to meet that burden, plaintiffs must allege specific facts on which personal jurisdiction can be based; they cannot rely on conclusory allegations.  *D'Onofrio v. SFX Sports Group, Inc.,* 534 F. Supp. 2d 86, 89 (D.D.C. 2008).  Moreover, plaintiffs cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant.  *See Rush v. Savchuk*, 444 U.S. 320, 331-32, 100 S. Ct. 571, 579 (1980) (holding that "the requirements of *International Shoe* must be met as to each defendant over whom a state court exercises jurisdiction").  When considering personal jurisdiction, the Court need not treat all of the plaintiff's allegations as true.  Instead, the court "may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts." *United States v. Philip Morris, Inc.,* 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000) (citations omitted); *see also Capital Bank Int'l, Ltd. v. Citigroup, Inc.,* 276 F. Supp. 2d 72, 74 (D.D.C. 2003) (same); *Novak-Canzeri v. Al Saud,* 864 F. Supp. 203, 206 (D.D.C. 1994) ("[T]he Court must accept Plaintiff's claims as true in ruling on a 12(b)(2) motion, unless they are directly contradicted by an affidavit.").

"Personal jurisdiction . . . 'represents a restriction on judicial power . . . as a matter of individual liberty.'" *Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 584, 119 S. Ct. 1563, 1570  (1999) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702,  102 S. Ct. 2099, 2104 (1982)).  A court is required to dismiss a cause of action against a defendant over which it cannot assert personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2); *AGS Int'l. Servs*, 346 F. Supp. 2d at 76.

Determining whether a court may properly exercise personal jurisdiction over a foreign defendant is a two-step process.  *D'Onofrio*, 534 F. Supp. 2d at 90.  First, the plaintiff must show that the defendant is subject to personal jurisdiction under the forum state's long-arm statutes.  Id.  In the District of Columbia, one of two statutes — D.C. Code § 13-334(a), the "general jurisdiction" statute, or D.C. Code § 13-423(a)(1), the "long-arm" statute — must be satisfied.  Second, the plaintiff must show that the court's exercise of jurisdiction over the defendant comports with the due process requirements of the federal constitution.  Id.  Because §§ 13-334(a) and 13-423(a)(1) are interpreted to reach to the full extent of jurisdiction afforded by the Due Process Clause, the two step inquiry collapses into a single constitutional inquiry.  *Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 513 (D.C. Cir. 2002) (addressing D.C. Code § 13-334(a)); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 28 (D.D.C. 2006) (addressing D.C. Code § 13-423(a)).

The Due Process Clause forbids the exercise of personal jurisdiction over a nonresident defendant unless "**the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there**." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567-68

(1980) (emphasis added).  The Due Process Clause thus "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."  *Id.* at 297, 100 S. Ct. at 567.  "Potential defendants should have some control over — and certainly should not be surprised by — the jurisdictional consequences of their actions."  *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1278 (7th Cir. 1997).

To this end, the Due Process Clause requires the plaintiff to show that the defendant has sufficient minimum contacts with the forum state to justify the court's exercise of personal jurisdiction.  *Gorman*, 293 F.3d at 509.  A plaintiff can make this "minimum contacts" showing either by demonstrating that the cause of action against the defendant "arise[s] out of or relates to the defendant's contacts with the forum" — *i.e.,* specific jurisdiction — or that the defendant has engaged in "continuous and systematic general business contacts" with the forum such that it may be haled into court there even when the subject matter of the suit is unrelated to those contacts — *i.e.,* general jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16 & nn.8-9, 104 S. Ct. 1868, 1872, & nn.8-9 (1984).  Neither is applicable here.

> **2.  Because the Acts Giving Rise to This Lawsuit Occurred Outside of the District of Columbia, This Court Cannot Exercise Specific Jurisdiction over the Defendants**.

In *Holder v. Haarmann & Reimer Corp.*, 779 A.2d 264 (D.C. 2001), the District of Columbia Court of Appeals reviewed a trial court order dismissing for lack of personal jurisdiction a class action brought by plaintiff under the District's Antitrust Act of 1980, D.C. Code §§ 28-4501 *et seq*.  Plaintiff contended that defendant transacted business in the District because of defendant had conspired with other manufacturers outside the

7

District to fix the price of citric acid; plaintiff also alleged that defendant sold citric acid at an artificially inflated price to manufacturers outside the District who then integrated the citric acid into various end products that were sold directly or indirectly to retailers and subsequently sold to consumers. *Id*. at 267. Plaintiff alleged that these contacts constituted transacting business in the District of Columbia within the meaning of the District's long-arm statute, D.C. Code § 13-423(a)(1). The court disagreed and stated the following:

> If Holder's jurisdictional theory were correct, then, for purposes of our long-arm statute, H & R would be "transacting business" in the District of Columbia and, by extension, perhaps also in every jurisdiction in this country, and even the world, regardless of how minimal an amount of citric acid sold by it reached the respective jurisdiction, and in spite of the absence of any other contact between H & R and the jurisdiction.

*Holder*, 779 A.2d at 267. The court found that such a definition of transacting business would recognize "no sensible limiting principle" and would require defendant "to anticipate being haled into court virtually anywhere in the world on the theory that it transacts business everywhere. *Id*.

Similarly, the causes of action against the Defendants in this case arise out of activities that took place outside of the District of Columbia. Plaintiff alleges that meetings and information exchanges occurred in Costa Rica, the Canary Islands, and in "an unnamed central American country". (Compl. ¶¶ 20, 22, and 27.) As noted, Defendants ship their products to wholesalers outside the District and have no control over their products beyond the wholesale level. Such activities cannot support the exercise of specific jurisdiction over the Defendants. Plaintiff has failed to properly allege that any of the Defendants engaged in any activity within the District that gives

rise to Plaintiff's claims against them. Accordingly, the Court cannot exercise specific jurisdiction over the Defendants.

### 3. The Defendants Do Not Engage in Continuous and Systematic Contacts with the District of Columbia.

Because general jurisdiction is "dispute blind" and allows for the exercise of jurisdiction over the defendant over any matter whatsoever, a plaintiff seeking to have the Court exercise general jurisdiction over a defendant must meet an exacting burden. "General jurisdiction sets a high bar, requiring a defendant's contacts with a forum to be 'continuous and systematic' before forcing a defendant to defend a suit arising out of any subject matter whether or not related to the forum." *D'Onofrio*, 534 F. Supp. 2d at 90 (citing *Helicopteros*). In other words, a defendant's contacts with the forum must "'be so extensive to be tantamount to [the defendant] being constructively present'" in the forum. *Allen v. Russian Federation*, 522 F. Supp. 2d 167, 191 (D.D.C. 2007) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 787 (7th Cir. 2003).

A number of factors are relevant in assessing whether a defendant has engaged in "continuous and systematic" contact with the forum, but no one factor is dispositive. Courts should assess:

- the extent to which the defendant transacts business with District residents and businesses on an on-going basis, *see*, *e.g., Gorman,* 293 F.3d at 235-36;

- whether the defendant actively and continuously solicits customers within the District by taking out advertisements and sending sales representatives there, *see, e.g., Hughes v. A.H. Robins Co.,* 490 A.2d 1140, 1143, 1145 (D.C. 1985);

- the amount of revenue — both in absolute and relative terms — derived from sales to District residents, *see, e.g., id.* at 1150;

- whether the defendant is registered to do business in the District and has appointed an agent for receipt of service of process there, *Ross v. Product Dev. Corp.,* 736 F. Supp. 285, 290 (D.D.C. 1989); and

- whether the Defendant maintains an office, telephone number, bank accounts, or files tax returns in the District. *see AGS Int'l Servs.,* 346 F. Supp. 2d at 76 n. 20.

One factor that is not to be considered is a defendant's presence in the forum for maintaining relationships with the United States and foreign governments. Id. at 75-76. None of these factors is dispositive, and the core inquiry remains whether the defendant's contacts are continuous and systematic so as to justify the exercise of dispute-blind jurisdiction. *Gorman*, 293 F.3d at 235. Plaintiffs cannot meet this burden as to either Del Monte Defendant.

The Del Monte Defendants lack sufficient contact with the District to justify the exercise of general jurisdiction. Neither Defendant owns or leases property in the District; has a registered agent in the District; or files a tax return in the District.

DMFPC products may be available for purchase in District grocery stores, but this does not in and of itself constitute "doing business" within the District. The mere presence of DMFPC products in District grocery stores is not, standing alone, indicative of a constructive presence. DMFPC does not sell products to any grocery store in the District. (Ex. A, ¶ 14.) If DMFPC products are present in the District, that is the result of independent acts of out-of-District wholesalers or other entities in the stream of commerce. (Ex. A, ¶ 14.) DMFPC simply has no control over whether products sold to out-of-District wholesalers are eventually placed in the District by them for sale.

Critically, a defendant does not subject itself to general jurisdiction in the District's courts through the mere act of placing products in the "stream of commerce" that find their way into the District. *Cf. Asahi Metal Indus. Co. v. Superior Court of Cal.,*

480 U.S. 102, 112, 107 S.Ct. 1026, 1032 (1987) (discussing stream of commerce theory in context of specific jurisdiction). While placing products in the "stream-of-commerce" with the intent of supplying forum consumers can be relevant to the *specific* jurisdiction analysis, plaintiffs cannot rely on that activity to circumvent the distinct general jurisdiction inquiry. *See*, *e.g., Purdue Research Found.,* 338 F.3d at 788 (7th Cir. 2003) (holding that stream-of-commerce theory provides no basis for exercising general jurisdiction); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 216 (5th Cir. 2000) ("We have specifically rejected a party's reliance on the stream of commerce theory to support asserting general jurisdiction over a nonresident defendant."); *Matthews v. Bookstone Stores*, 469 F. Supp. 2d 1056, 1064 (S.D. Ala. 2007) (same); *Simeone v. Bombardier-Rotax GmbH,* 360 F. Supp. 2d 665, 673-74 (E.D. Pa. 2005) (same); *Fisher v. Prof'l Compounding Ctrs. of Am., Inc.,* 318 F. Supp. 2d 1046, 1050 (D. Nev. 2004) (same).

Significantly, in instances where a corporation's products have arrived in the District primarily from out-of-District wholesalers, the District of Columbia Court of Appeals has been unwilling to find that a corporation is "doing business" under § 13-334. *See Hughes*, 490 A.2d at 1149, n.15-16. DMFPC's sales to independent distributors that are located outside of the District cannot support a finding that DMFPC is "doing business" under §13-334. Accordingly, the presence of DMFPC's products in District grocery stores is not a basis for asserting general jurisdiction over DMFPC.

### 4. Plaintiffs Did Not Properly Serve Del Monte Defendants with Process.

Beyond the lack of any contacts with the District, the Court may not exercise personal jurisdiction over the Del Monte Defendants if the Plaintiffs failed, as here, to

properly serve them with process. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolph Wolff Co.*, 484 U.S. 97, 104 (1987); *accord United States v. Hill,* 694 F.2d 258, 261 (D.C. Cir. 1982) ("Personal jurisdiction in a civil suit implies, among other things, either voluntary appearance by the defendant or valid service of process on him at the place where he may be found.") (citation omitted). In this case, because the Del Monte Defendants challenge the manner in which they were served with process, the Plaintiffs bear the burden of proving the validity of service. *See Whitehead v. CBS/Viacom, Inc.,* 221 F.R.D. 1, 2 (D.D.C. 2004) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992)).

D.C. Code § 13-334 provides the manner in which a foreign corporation must be served with process; this section contains a "specific jurisdictional requirement that service be made in the District of Columbia." *Everett v. Nissan Motor Corp.,* 628 A.2d 106, 108 (D.C. 1993) (stating that D.C. Sup. Ct. Rule 4 does not override predicate of § 13-334 that service be made within the District); *see* D.C. Code § 13-1334(a)(1) (stating that service must be made within the District of Columbia); *Gonzalez v. Int'l de Elevadores' S.A.* 891 A.2d 227, 233 (D.C. 2006) (finding defective service when foreign corporation served outside the District). "Where the basis for obtaining jurisdiction over a foreign corporation is § 13-334(a)," a plaintiff must serve process in the District or it is "foreclosed from benefiting from the statute's jurisdictional protection." *Gorman,* 293 F.3d at 514 (affirming dismissal based on ineffective service of process because plaintiff mailed complaint to corporation's headquarters in Nebraska). This court has also applied the mandates of § 13-334 to dismiss cases for ineffective service of process. In *Gowens*

12

*v. DynCorp,* 132 F. Supp. 2d 38, 42 (D.D.C. 2001), this Court found that process was defective, under § 13-334, because the plaintiff served a defendant corporation at its Virginia headquarters rather than in the District.

The plaintiffs must rely on § 13-334 to establish jurisdiction over the Dole Defendants because the subject matter of the suit is unrelated to any contacts it is alleged to have had with the forum. *See AGS Int'l,* 346 F. Supp. 2d at 74; *COMSAT Corp. v. Finshipyards S.A.M.,* 900 F. Supp. 515, 520 (D.D.C. 1995) (stating that a "court in the District may exercise jurisdiction over a non-resident defendant only for a claim... arising from specific acts enumerated in the [D.C. Long-Arm Statute] D.C. Code § 13-423(b)."). Here, the Del Monte Defendants were not served in the District; both received process through service that was made upon their Coral Gables, Florida office. (Ex. B & C.) Accordingly, they have not been served in compliance with § 13-334 and personal jurisdiction may not be asserted over them.

## **CONCLUSION**

For the reasons stated above, the Court should grant the Defendants' Motion, and dismiss with prejudice the Plaintiff's claims, in their entirety, because this Court may not assert personal jurisdiction over the Defendants.

Dated: July 13, 2010                              Respectfully submitted on behalf of Del Monte,

/s/ Tanya Chutkan
Tanya Chutkan, D.C. Bar. No. 420478
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Ave., NW
Suite 800
Washington, DC  20015
T: (202) 237-2727

F: (202) 237-6131

Carlos M. Sires (not yet admitted *pro hac vice*)
David Nelson, D.C. Bar No. 402063
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
T: (954) 356-0011
F: (954) 356-0022

***Counsel for Defendants Fresh Del Monte Produce Inc. and Del Monte Fresh Produce Company***

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| OWEN F. SILVIOUS,<br><br>                          Plaintiff,<br><br>             v.<br><br>CHIQUITA BRANDS INTERNATIONAL, INC., et al.,<br><br>                          Defendants. | )<br>)<br>)  Civil Case No. 1:10-cv-01139-JDB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2010, the foregoing **Motion to Dismiss and Memorandum of Points and Authorities in Support of the Defendants' Motion to Dismiss Pursuant to Rule 12(b)(2)** was filed electronically with the United States District Court for the District of Columbia using the Court's ECF system. I also certify that a copy of the foregoing, including all exhibits, was served via First Class Mail on:

> Owen F. Silvious
> 16497077 FCI-2 Butner
> P.O. Box 1500
> Butner, NC 27509

> /s/ Tanya Chutkan
> Tanya Chutkan, D.C. Bar. No. 420478
> BOIES SCHILLER & FLEXNER LLP
> 5301 Wisconsin Ave., NW
> Suite 800
> Washington, DC  20015
> T: (202) 237-2727
> F: (202) 237-6131
>
> Carlos M. Sires (not yet admitted *pro hac vice*)
> David Nelson, D.C. Bar No. 402063
> BOIES SCHILLER & FLEXNER LLP

401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
T: (954) 356-0011
F: (954) 356-0022
***Counsel for Defendants Fresh Del Monte Produce Inc.***
***and Del Monte Fresh Produce Company***