UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Owen F. Silvious,<br><br>Plaintiff,<br><br>v.<br><br>Chiquita Brands International, Inc., *et al.*,<br><br>Defendants. | Civil Action No.  10-1139 (JDB) |

ORDER

This matter, removed from the Superior Court of the District of Columbia, is before the Court on (1) defendants' joint motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted [Dkt. No. 7], (2) the Del Monte defendants' motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction [Dkt. No. 9] and (3) the defendants' joint motion to transfer the case to the United States District Court for the Southern District of Florida [Dkt. No. 10].  Plaintiff, proceeding *pro se*, is advised of the following.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion.  "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509.   In addition, the Court's local rules state that "[w]ithin 14 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded."  Local Civil Rule 7(b).

Because a ruling in favor of defendants on the personal jurisdiction and venue claims may require this Court to relinquish its jurisdiction over the case, the Court will defer consideration of defendants' Rule 12(b)(6) motion to dismiss. Accordingly, it is hereby

**ORDERED** that plaintiff shall respond to the Del Monte defendants' Rule 12(b)(2) motion to dismiss and the defendants' joint motion to transfer by **August 17, 2010**. If plaintiff does not respond by that date, the Court will treat the motions as conceded and may either dismiss the complaint in part or transfer the case to the Southern District of Florida. The Court will entertain no other substantive motions at this time; and it is

**FURTHER ORDERED** that in light of plaintiff's Notice of Voluntary Dismissal With Prejudice as to Dole Food Company, Inc. and Dole Fresh Fruit Company ("the Dole defendants") [Dkt. No. 12], the Dole defendants' motion to dismiss [Dkt. No. 8] is **DENIED** as moot.

                                                  s/
                                       JOHN D. BATES

Dated: July 19, 2010                     United States District Judge